IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID CHARLES COLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-00919 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Trauger |
| DERRICK SCHOFIELD, and ) | |
| EDDIE JACKSON, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Plaintiff David Charles Cole, a state prisoner incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Because he is a prisoner who proceeds *in forma pauperis* against government officials, the complaint is before the court for initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. FACTUAL ALLEGATIONS

The plaintiff names as defendants in this action the State of Tennessee; Tennessee Department of Correction Commissioner Derrick Schofield; and Eddie Jackson, who was formerly employed at the prison as a food service worker.

The allegations in the complaint itself are vague and conclusory at best. The plaintiff states that defendant Eddie Jackson "did ill abuse and mistreat" the plaintiff by "conduct unbefitting an officer," that the plaintiff was "right in provocation and defendant was wrong in procuring a weapon in order to murder plaintiff; and T.D.O.C. is totally wrong in placing Plaintiff in solitary maximum security for justified conduct." (ECF No. 1, at 3.) Based on the grievance documents that were filed with the plaintiff's contemporaneously filed application for habeas corpus, premised upon the same event (Case No. 3:12-cv-923), it appears that the plaintiff was charged with assaulting defendant Jackson and placed in segregation pending a hearing. A disciplinary hearing was conducted and the plaintiff was found guilty of having assaulted Jackson, based on

the plaintiff's own testimony. The plaintiff maintains, however, that he was provoked by defendant Jackson, who pulled a knife from the kitchen and chased the plaintiff with the intention of injuring him. Corrections officers had to restrain Jackson to prevent him from injuring the plaintiff, and Jackson was ultimately fired for his actions. The plaintiff was placed in solitary confinement in punishment for having assaulted Jackson.

The plaintiff alleges that his punishment violated Tenn. Code Ann. § 41-1-103; that the State of Tennessee is a proper defendant pursuant to Tenn. Code Ann. § 9-8-307; that Commissioner Schofield is the proper defendant on a theory of *respondeat superior*; and that Commissioner Schofield is the person capable of granting the declaratory, injunctive and equitable relief the plaintiff seeks. For relief, the plaintiff seeks to be placed back into the prison's open population, restoration of goodtime credits, and expungement of his disciplinary record. He seeks a declaration that defendant Eddie Jackson should never again be placed in a position of "public trust." (ECF No. 1, at 4.) The plaintiff also seeks compensatory damages to compensate him for each day he has wrongfully been held in solitary confinement.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a civil complaint filed *in forma pauperis*, or any portion thereof, to the extent that it (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS AND DISCUSSION

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

#### A. The Claims against the State

As an initial matter, the court finds that the plaintiff's claims against the State of Tennessee must be dismissed because the State is not a suable entity under § 1983, and in any event is immune from suit pursuant to the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979). The sovereign immunity protected by the Eleventh Amendment extends to claims for injunctive relief and other forms of equitable relief. *See Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). The only exceptions to a State's immunity are (1) if the State has consented to suit or (2) if Congress has properly abrogated a State's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Neither of these exceptions applies to § 1983 suits against the State of Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (reaffirming that Congress did not abrogate states' immunity when it passed § 1983).

#### B. The Claims against Commissioner Schofield

In addition, the plaintiff asserts liability on the part of Commissioner Derrick Schofield only on a theory of *respondeat superior*. The law, however, is clear that allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of *respondeat superior*, are

necessary in order to hold an individual defendant liable under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92(1978). Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under § 1983 cannot rest on such a claim. Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted. *Cf. Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). This rule holds true even if the supervisor has actual knowledge of the constitutional violation, as long as the supervisor did not actually participate in or encourage the wrongful behavior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under § 1983 for failing to respond to grievances which alert them of unconstitutional actions); *see also Stewart v. Taft*, 235 F. Supp. 2d 763, 767 (N.D. Ohio 2002) ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act."). Because the plaintiff does not allege that Commissioner Schofield participated in, or was even aware of, the actions giving rise to the plaintiff's claims, the claims against Commissioner Schofield are likewise subject to dismissal.

### C. The Claims against Eddie Jackson

The court also finds that the plaintiff fails to state a claim under § 1983 against defendant Eddie Jackson. Construed broadly, the complaint alleges that defendant Jackson verbally assaulted the plaintiff and chased him with a knife, with the intent to harm him. Jackson was ultimately restrained by corrections officers, and the plaintiff apparently did not suffer any injury. Defendant Jackson himself was fired for the incident; he was not responsible for the disciplinary charges against the plaintiff or the plaintiff's placement in solitary confinement. The plaintiff might potentially have a colorable claim against Jackson for assault and battery under Tennessee state law, but the question confronting this court is whether Jackson was a state actor who deprived the plaintiff of his constitutional rights.

It is unclear, as an initial matter, whether Jackson was acting under color of state law when he assaulted the plaintiff, because Jackson was merely employed by the prison for the purpose of preparing food and serving it to the inmates. Even assuming that he was a state actor, however, the plaintiff has failed to allege facts showing that Jackson violated his constitutional rights. Insofar as the plaintiff attempts to state

-4-

a claim against Jackson under the Eighth Amendment,[1] such attempt fails, largely because the plaintiff has not alleged that Jackson exerted any quantum of force against him (although he tried), or that the plaintiff suffered any injury at Jackson's hands. Instead, prison officials restrained Jackson and protected the plaintiff from injury. To state a claim under the Eighth Amendment under these circumstances, the plaintiff must allege that he suffered *some* physical injury resulting from the inappropriate use of force. *Cf. Williams v. Curtin*, 631 F.3d 380, 384 (6th Cir. 2011) (focusing on the "nature of the force" used, but holding that, although a plaintiff does not have to allege a serious injury, some physical injury is required to satisfy the objective component of a claim based on the excessive use of force).

Moreover, the allegations in the complaint do not indicate that the plaintiff seeks to recover damages or any other relief on the basis of the physical assault by Jackson. Instead, the complaint focuses entirely on the prison officials' response to the altercation between the plaintiff and Jackson. Jackson is no longer employed by the prison, and a judgment against him would not provide the relief sought, namely reinstatement of goodtime credits, damages for the time spent in solitary confinement, expungement of the disciplinary charge from the plaintiff's prison record, and so forth. None of the injuries for which the plaintiff seeks redress were actually inflicted by Jackson. The court therefore concludes that the plaintiff has failed to state a colorable claim against Jackson for violation of the plaintiff's constitutional rights.

## IV. CONCLUSION

For the reasons set forth herein, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted. An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge

---

[1] The plaintiff does not identify which of his rights he believes have been violated by Jackson, but the court presumes he intends to state a claim under the Eighth Amendment's prohibition against cruel and unusual punishment, which is interpreted to prohibit the wanton infliction of pain and the use of excessive force by prison officials.